**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GREAT WEST CASUALTY CO.**, a Nebraska Corporation, | )<br>)<br>) |
| *Plaintiff,* | )<br>)<br>) |
| v. | )<br>) |
| **NATIONWIDE AGRIBUSINESS INSURANCE CO.**, an Iowa corporation, **DEERPASS FARMS TRUCKING LLC 2**, An Illinois limited liability company, **ROBERT D. FISHER**, and **TIMOTHY A. BRENNAN**, as Administrator of the Estate of Patrick J. Brennan, deceased, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| *Defendants.* | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, GREAT WEST CASUALTY CO. ("Great West"), by and through its attorneys, FRANCO MORONEY BUENIK, LLC and for its Complaint for Declaratory Judgment against Defendants, pursuant to 28 U.S.C. §2201, states as follows:

**The Parties**

1. Plaintiff Great West Casualty Co. is a Nebraska Corporation with its principal place of business in South Sioux City, Nebraska.

2. Defendant Nationwide Agribusiness Insurance Company ("Nationwide") is an Iowa corporation with its principal place of business in Des Moines, Iowa.

3. Deerpass Farms Trucking, LLC 2 ("DFT2") is an Illinois limited liability company which is the Named Insured on a policy of insurance issued by Great West, as described in greater detail below.

4. Robert D. Fisher is a truck driver who was involved in a motor vehicle collision in the vicinity of Sycamore, DeKalb County, Illinois, on June 2, 2021.

5. Timothy A. Brennan is the Administrator of the Estate of Patrick J. Brennan. Patrick Brennan died when his vehicle collided with a tractor-trailer being driven by Robert D. Fisher on June 2, 2021.

6. DFT2, Fisher and Brennan are named as Defendants herein so as to bind them to any judgment or declaration which this Court may make in this litigation. Plaintiff will agree to dismiss these Defendants if they stipulate to be bound by such judgment or declaration.

## Jurisdiction and Venue

7. Subject matter jurisdiction is properly held pursuant to 28 U.S.C. §1332 as Plaintiff is a citizen of the State of Nebraska, Defendant Nationwide is a Citizen of the State of Iowa, the remaining Defendants are citizens of and are domiciled in the State of Illinois, and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because this matter involves two insurers' duties to defend and indemnify parties with respect to a matter pending in this District, *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, Circuit Court, 23rd Judicial Circuit, DeKalb County, Illinois ("*Brennan* Litigation"), arising out of a motor vehicle accident occurring in this District. Additionally, the two policies of insurance placed at issue in this matter were delivered to Named Insureds in McHenry County, Illinois, which is part of the Eastern Division of this Court.

**Summary of the Issues**

9. This case involves the priority and allocation of coverage as between a liability insurance policy issued by Great West and a liability insurance policy issued by Nationwide with respect to the *Brennan* Litigation.

10. Great West provides coverage to its Named Insured DFT2 and to Fisher, as the permissive driver of a tractor leased to DFT2.

11. Nationwide also provides coverage to DFT2 and Fisher, as the lessee and driver, respectively, of a tractor which was pulling a trailer owned by Nationwide's Named Insured, Conserv FS, Inc. ("FS") and insured by Nationwide at the time of the accident which resulted in Mr. Patrick Brennan's death.

12. Nationwide contends that its policy issued to FS, provides coverage to DFT2 and Fisher on an excess basis for the *Brennan* Litigation, and that its coverage is excess to the coverage Great West provides to DFT2 and Fisher.

13. Conversely, Great West contends that its policy issued to DFT2 also provides coverage to DFT2 and Fisher on an excess basis for the *Brennan* Litigation – *i.e.,* on the same level as the Nationwide policy provides, and that indemnity between itself and Nationwide for their mutual insureds should be shared on a *pro rata* basis or that Great West should provide excess coverage to Nationwide.

**The *Brennan* Litigation**

14. The litigation captioned *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, in the Circuit Court for the 23rd Judicial Circuit, DeKalb County, Illinois was filed on

October 12, 2021, arising out of an auto/truck collision occurring on June 2, 2021, which as noted above resulted in the death of Patrick Brennan.

15. According to the First Amended Complaint in the Brennan Litigation, filed July 25, 2022, Fisher was driving westbound on Illinois Route 64 near Sycamore, Illinois when the accident occurred. A true and correct copy of this pleading is attached as **Exhibit A**.

16. The Complaint further alleges that as Fisher approached an intersection controlled by four-way stop signs, he allegedly failed to stop at his stop sign. It further alleges that when Fisher was partially through the intersection, Plaintiff's decedent Patrick J. Brennan, who was driving northbound on a cross street, North First Street, also failed to stop at his stop sign, and "t-boned" Fisher's tractor-trailer.

17. The First Amended Complaint in the *Brennan* Litigation asserts the following causes of action:

| | |
|---|---|
| Count I | Wrongful Death Negligence against Fisher |
| Count II | Survival Action Negligence against Fisher |
| Count III | Wrongful Death Negligence against DFS (*respondeat superior*) |
| Count IV | Survival Action Negligence against DFS (*respondeat superior*) |
| Count V | Wrongful Death Negligence against DFT2 (statutory employer) |
| Count VI | Survival Action Negligence against DFT2 (statutory employer) |

18. Fisher, a statutory employee of Great West's Named Insured DFT2 was driving a 2014 Kenworth tractor (VIN 1XKDDP9XXEJ389556) leased to DFT2 by Deerpass Farms Services, LLC ("DFS"). The Kenworth tractor was pulling a 1989 Sunshine tanker trailer (VIN 1S9T00006K1129264) owned by Nationwide's Named Insured, Conserv FS ("FS").

4

19. The Kenworth tractor was being operated under lease by DFS, to DFT2 as lessee, pursuant to a written lease dated August 1, 2020 ("Independent Contractor Equipment Lease Agreement") ("Lease"). A true and correct copy of this Lease is attached as **Exhibit B**.

20. DFS holds a current motor carrier registration, No. 2389833, with the U.S. Department of Transportation. On information and belief, such registration was in effect both on the date the Lease was entered into and on the date of the accident with Mr. Brennan.

21. Paragraph 12 of the lease contained an indemnity provision running from DFS (Contractor) in favor of DFT2:

> 12. INDEMNITY.
>
> (a) CONTRACTOR agrees to defend, indemnify and hold DEERPASS - II harmless from and against any and all injuries (including death), claims, including cargo claims, delay claims, losses, fines, assessments, levies, damages, costs, fees (including attorneys' fees) and expenses which may be incurred by DEERPASS - II or by any of the employees, agents, contractors or subcontractors of DEERPASS - II, as a result of or in connection with the acts or omissions of CONTRACTOR or any of its employees, agents, contractors or subcontractors, including, but not limited to:
>
>> (1) Injury to or death of any person or persons, including, but not limited to employees, agents, contractors or subcontractors of CONTRACTOR or DEERPASS - II;
>>
>> (2) Loss of or damage or delay to cargo and all other property, including the conversion of property, theft or embezzlement;
>>
>> (3) Any breach of this Agreement by CONTRACTOR;
>>
>> (4) The issuance of any false or fraudulent documents or the giving or receiving of any false or fraudulent receipts or delivery orders for any freight or for freight charges by CONTRACTOR, or any of CONTRACTOR's employees, agents, contractors or subcontractors.
>>
>> (5) Loss of or damage to any and all equipment or vehicles of DEERPASS - II or any of the customers of customers which may be caused or contributed to by CONTRACTOR or any of its employees, agents, contractors or subcontractors.

5

(b) CONTRACTOR also agrees to defend, indemnify and hold DEERPASS - II and its employees, agents, contractors and subcontractors harmless from and against any and all fines, attachments, levies, costs (including court costs and expenses), demands, charges or fees (including attorneys' fees) which may be imposed by any governmental authority or body on CONTRACTOR or DEERPASS - II or the employees, agents, contractors or subcontractors of either of them, as a result of in connection with the acts or omissions of CONTRACTOR, its employees, agents, contractors or subcontractors.

## The Great West Policy

22. Great West Insurance Company issued Policy No. GWP88354J to Named Insured Deerpass Farms Trucking LLC, for the policy period of August 2, 2020 to August 2, 2021 ("Great West Policy"). A true and correct copy of this Policy is attached as **Exhibit C**.

23. The Great West policy provides Commercial Auto Coverage – Motor Carrier (applicable to this loss), as well as Commercial Inland Marine Coverage – Cargo Coverage, and Commercial General Liability Coverage. The Commercial Auto Coverage provides limits of $1,000,000 per "Accident" or "Loss."

24. The Schedule of Autos to the Great West Policy lists the 2014 Kenworth tractor as a "covered auto."

25. Fisher is an insured under the Great West Policy when driving a "covered auto" with permission of the Named Insured, DFT2.

26. Section V., Motor Carrier Conditions, contains the following "Other Insurance" provision, pertinent provisions of which are stated below:

> **5. OTHER INSURANCE - PRIMARY AND EXCESS INSURANCE PROVISIONS**
>
> > a. While any covered "auto" is hired or borrowed from you by another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:
> >
> > > (1) Primary if a written agreement between you as the lessor and the other "motor carrier" as the lessee requires you to hold the lessee harmless.

>> (2) Excess over any other collectible insurance if a written agreement between you as the lessor and the other "motor carrier" as the lessee does not require you to hold the lessee harmless.
>
> b. While any covered "auto" is hired or borrowed by you from another "motor carrier" this Coverage Form's Covered Autos Liability Coverage is:
>
>> (1) Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.
>>
>> (2) Excess over any other collectible insurance if a written agreement between the other "motor carrier" as the lessor and you as the lessee requires the lessor to hold you harmless.
>
> c. While a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Covered Autos Liability Coverage is:
>
>> (1) Provided on the same basis, either primary or excess, as the Covered Autos Liability Coverage provided for the power unit if the power unit is a covered "auto".
>>
>> (2) Excess if the power unit is not a covered "auto".
>
> d. Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".
>
> e. Except as provided in Paragraphs a., b., c. and d. above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you do not own.
>
> \*\*\*
>
> h. When this Coverage Form and any other Coverage Form, policy or self-insurance covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms, policies and self-insurance covering on the same basis.
>
> \*\*\*

27. Section VI, Definitions, O., of the Great West Policy, defines "motor carrier" as follows:

7

O. "Motor Carrier" means a person or organization providing transportation by "auto" in the furtherance of a commercial enterprise.

### **The Nationwide Policy**

28. Nationwide Agribusiness Insurance Company provided Business Auto Coverage among other coverages to Named Insured Conserv FS, Inc., under Policy No. CA857021A, effective September 1, 2020 to September 1, 2021. A true and correct copy of this Policy is attached as **Exhibit D**.

28. The Business Auto Coverage of the Nationwide Policy provides limits of $2,000,000 per "Accident" or "Loss." The Declarations contains the numeric designations "1" for liability coverage, which means "Any 'Auto'".

30. Section II., Covered Autos Liability Coverage, A., Coverage, 1., "Who is an Insured," b., of the Nationwide Policy covers as insureds "[a]nyone else [other than "you"] while using with your permission a covered "auto" you own, hire or borrow," subject to five exceptions which are not pertinent to the *Brennan* Litigation claim. Under this provision, both Fisher and DFT2 are "insureds" when hauling the FS trailer with FS's permission. This raises the issue of priority of coverage, and how the insurance policies interface.

31. The pertinent part of the Nationwide Policy's "Other Insurance" clause is as follows:

> **5.** **Other Insurance**
>
> a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:
>
> > (1) Excess while it is connected to a motor vehicle you do not own; or

8

>> (2) Primary while it is connected to a covered "auto" you own.

***

> d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

***

## CLAIM TO RELIEF

### Declaratory Judgment

32. Great West restates and realleges Paragraphs 1 through 31 as though the same were fully set forth herein.

33. The Great West Policy obligates Great West to defend and indemnify DFT2 and Fisher with respect to the *Brennan* Litigation.

34. The Nationwide Policy obligates Nationwide to defend and indemnify DFT2 and Fisher with respect to the *Brennan* Litigation.

35. Due to the operation of their respective "other insurance" clauses, both Great West and Nationwide provide excess coverage to DFT2 and Fisher with respect to the *Brennan* Litigation. However, because the "other insurance" provisions of both policies require sharing on a *pro rata* by limits basis (see Par. 5.h., above), Great West should share indemnity for these insureds on a 1:2 ratio with Nationwide or should be excess to Nationwide and pay nothing.

36. Paragraph 5.b.(2) of the Great West Policy's Other Insurance provision, which applies when a covered "auto" is leased to the Named Insured by another motor carrier pursuant to a contract requiring that other carrier to indemnify the Named Insured, makes Great West excess for purposes of the defense and indemnity of DFT2 with regard to Fisher in the *Brennan* Litigation.

9

37. Alternatively, Paragraph 5.e. of the Great West Policy's Other Insurance provision, which would apply in the event Paragraph 5.b(2) did not apply to the *Brennan* Litigation, makes Great West excess for purposes of the defense and indemnity of DFT2 and Fisher in the *Brennan* Litigation.

38. Nationwide disagrees with Great West position that both insurers provide the referenced coverage to the mutual insureds on an excess basis and that thereby both insurers have obligations to share proportionately in the defense and indemnity of DFT2 and Fisher for the *Brennan* Litigation. Accordingly, declaratory relief is appropriate under 28 U.S.C. §2201.

WHEREFORE, GREAT WEST CASUALTY COMPANY respectfully requests that this Court declare and adjudge as follows:

   a. That Great West Casualty Company and Nationwide Agribusiness Insurance Company both cover, on an excess basis, Deerpass Farms Trucking LLC and Robert D. Fisher with respect to litigation captioned *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, Circuit Court, 23rd Judicial Circuit, DeKalb County, Illinois;

   b. That Great West Casualty Company and Nationwide Agribusiness Insurance Company are obligated to share indemnification of Deerpass Farms Trucking LLC and Robert D. Fisher with respect to litigation captioned *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, Circuit Court, 23rd Judicial Circuit, DeKalb County, Illinois, on the basis of *pro rata* according to the limits of their respective policies, which means that Great West and Nationwide shall share indemnification on a 1:2 ratio, respectively;

   c. In the alternative, Great West Casualty Company is excess to the Nationwide Agribusiness Insurance policy and pays nothing for defense or indemnity;

   d. In the alternative, Great West Casualty Company and Nationwide Agribusiness Insurance Company are obligated to share the costs of defense of Deerpass Farms Trucking LLC and Robert D. Fisher with respect to litigation captioned *Timothy A. Brennan, as Administrator of*

    *the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, Circuit Court, 23rd Judicial Circuit, DeKalb County, Illinois, on an equal shares basis; and

  e.  For such other and further relief as this Court deems just and proper including an award of its taxable costs incurred in this matter.

Dated: April 6, 2023

                                Respectfully submitted,

                        By:   */s/ Robert J. Franco*
                                One of the Attorneys for Plaintiff,
                                **GREAT WEST CASUALTY CO.**

Robert J. Franco
FRANCO MORONEY BUENIK, LLC
500 W. Madison Street, Suite 3900
Chicago, Illinois 60661
Telephone: (312) 459-1000
ARDC No. 6187971

11