# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GREAT WEST CASUALTY CO., a Nebraska Corporation, | ) ) ) | |
| *Plaintiff,* | ) ) ) | No. 1:23-cv-02178 |
| v. | ) ) ) | Hon. Matthew J. Kennelly |
| NATIONWIDE AGRIBUSINESS INSURANCE CO., an Iowa corporation, TIMOTHY A. BRENNAN, as Administrator of the Estate of Patrick J. Brennan, deceased, and CONSERV FS, INC., an Illinois corporation. | ) ) ) ) ) ) ) | Hon. Maria Valdez |
| *Defendants.* | ) | |

## GREAT WEST CASUALTY'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, GREAT WEST CASUALTY CO. ("Great West"), by and through its attorneys, FRANCO MORONEY BUENIK, LLC and for its Second Amended Complaint for Declaratory Judgment against Defendants, pursuant to 28 U.S.C. § 2201, states as follows:

### The Parties

1. Plaintiff Great West Casualty Co. is a Nebraska Corporation with its principal place of business in Sioux City, Nebraska.

2. Defendant Nationwide Agribusiness Insurance Company ("Nationwide") is an Iowa corporation with its principal place of business in Des Moines, Iowa.

3. Timothy A. Brennan is the Administrator of the Estate of Patrick J. Brennan, who died when his vehicle collided with a tractor-trailer being driven by Robert D. Fisher on June 2, 2021. He is a citizen of the State of Missouri.

4. Conserv FS, Inc. ("FS"), is the owner of the trailer attached to the tractor being driven by Robert D. Fisher on June 2, 2021 and the Named Insured on a policy of insurance issued

by Nationwide, as described in greater detail below. It is an Illinois corporation with its principal place of business at 1110 McConnell Road, Woodstock, IL 60098. Conserv FS, Inc. conducts business as a cooperative.

## Jurisdiction and Venue

5. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of the State of Nebraska, Defendant Nationwide is a Citizen of the State of Iowa, the remaining Defendants are citizens of the States of Missouri and Illinois, respectively and the amount in controversy is in excess of $75,000 as shown by the demands made in the underlying litigation.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because this matter involves two insurers' duties to defend and indemnify parties with respect to a matter pending in this District, *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, *et al.* Case No. 2021 L 000072, Circuit Court for the 23rd Judicial Circuit in DeKalb County, Illinois ("*Brennan* Litigation"), arising out of a motor vehicle accident occurring in this District. Additionally, the two policies of insurance placed at issue in this matter were delivered to Named Insureds, showing business addressed in this District.

## Summary of the Issues

7. This case involves the priority of insurance coverage as between a liability insurance policy issued by Great West and a liability insurance policy issued by Nationwide with respect to the *Brennan* Litigation. The real parties in interest to this dispute are Great West and Nationwide, who are being called upon to defend and indemnify various Insureds with respect to the *Brennan* Litigation.

8. Great West provides insurance coverage to its Named Insured Deerpass Farms Trucking II, LLC ("DFT2") and to Robert D. Fisher, as the permissive driver of a tractor leased to DFT2.

9. Nationwide also provides insurance coverage to DFT2 and Fisher, as the lessee and driver, respectively, of a tractor which was pulling a trailer owned by Nationwide's Named Insured, Conserv FS, Inc. ("FS") and insured by Nationwide at the time of the accident which resulted in Mr. Patrick Brennan's death.

10. Nationwide contends that its insurance policy issued to FS provides insurance coverage to DFT2, Fisher and FS on an excess basis for the *Brennan* Litigation, and that its insurance coverage is excess to the insurance coverage Great West provides to DFT2, Fisher and Conserv for that matter.

11. Great West contends that its insurance policy issued to DFT2 also provides insurance coverage to DFT2 and Fisher on an excess basis for the *Brennan* Litigation, but that its excess insurance coverage is "excess over any other collectible insurance." Alternatively, the Great West Policy shares *pro rata* by limits with Nationwide for the indemnification of DFT2 and Fisher.

12. Great West contends that its policy also provides insurance coverage to Conserv FS on an excess basis, and/or that its insurance coverage is either fully excess to Nationwide, or, in the alternative, shares *pro rata* by limits with Nationwide for the indemnification of Conserv FS.

## The *Brennan* Litigation

13. The litigation captioned *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, in the Circuit Court for the 23rd Judicial Circuit, DeKalb County, Illinois, was filed

October 12, 2021 and arising out of an auto/truck collision occurring on June 2, 2021, which as noted resulted in the death of Patrick Brennan.

14. According to the First Amended Complaint in the Brennan Litigation, filed July 25, 2022, driver Fisher was driving westbound on Illinois Route 64 near Sycamore, Illinois. A true and correct copy of this pleading is attached as **Exhibit A**.

15. The Complaint alleges that as Fisher approached an intersection controlled by four-way stop signs, he allegedly failed to stop at a stop sign. It further alleges that when Fisher was partially through the intersection, Plaintiff's decedent Patrick J. Brennan, who was driving northbound on a cross street, North First Street, also failed to stop at his stop sign, and "t-boned" Fisher's tractor-trailer. Fisher died at the scene of the accident.

16. The First Amended Complaint in the *Brennan* Litigation asserts the following causes of action:

| | |
|---|---|
| Count I | Wrongful Death Negligence against Fisher |
| Count II | Survival Action Negligence against Fisher |
| Count III | Wrongful Death Negligence against DFS (*respondeat superior*) |
| Count IV | Survival Action Negligence against DFS (*respondeat superior*) |
| Count V | Wrongful Death Negligence against DFT2 (statutory employer) |
| Count VI | Survival Action Negligence against DFT2 (statutory employer) |

17. On March 22, 2023, Conserv FS was added as a Defendant in the *Brennan* Litigation. A true and correct copy of this pleading is attached as **Exhibit B**.

18. Fisher, a statutory employee of Great West's Named Insured DFT2 was driving a 2014 Kenworth tractor (VIN 1XKDDP9XXEJ389556) leased to DFT2 by Deerpass Farms

4

Services, LLC ("DFS"). The Kenworth tractor was pulling a 1989 Sunshine tanker trailer (VIN 1S9T00006K1129264)[1] owned by Nationwide's Named Insured, Conserv FS ("FS").

19. The Kenworth tractor was being operated by DFS, for DFT2 pursuant to a written agreement dated August 1, 2020 ("Independent Contractor Equipment Lease Agreement") ("Lease"). A true and correct copy of this agreement is attached as **Exhibit C**.

20. DFS holds a current motor carrier registration, No. 2389833, with the U.S. Department of Transportation. On information and belief, such registration was in effect both on the date the agreement was entered into and on the date of the accident with Mr. Brennan.

21. Paragraph 12 of the agreement contained an indemnity provision running from DFS (Contractor) in favor of DFT2:

> 12. INDEMNITY.
>
> (a) CONTRACTOR agrees to defend, indemnify and hold DEERPASS - II harmless from and against any and all injuries (including death), claims, including cargo claims, delay claims, losses, fines, assessments, levies, damages, costs, fees (including attorneys' fees) and expenses which may be incurred by DEERPASS - II or by any of the employees, agents, contractors or subcontractors of DEERPASS - II, as a result of or in connection with the acts or omissions of CONTRACTOR or any of its employees, agents, contractors or subcontractors, including, but not limited to:
>
>> (1) Injury to or death of any person or persons, including, but not limited to employees, agents, contractors or subcontractors of CONTRACTOR or DEERPASS - II;
>>
>> (2) Loss of or damage or delay to cargo and all other property, including the conversion of property, theft or embezzlement;
>>
>> (3) Any breach of this Agreement by CONTRACTOR;
>>
>> (4) The issuance of any false or fraudulent documents or the giving or receiving of any false or fraudulent receipts or delivery orders for any freight or for freight charges by CONTRACTOR, or any of CONTRACTOR's employees, agents, contractors or subcontractors.

---

[1] Other information available to Great West describes the trailer as a 1990 Polar tanker trailer with a slightly different Vehicle Identification Number (VIN 1S9T00006K1129265).

(5) Loss of or damage to any and all equipment or vehicles of DEERPASS - II or any of the customers of customers which may be caused or contributed to by CONTRACTOR or any of its employees, agents, contractors or subcontractors.

(b) CONTRACTOR also agrees to defend, indemnify and hold DEERPASS - II and its employees, agents, contractors and subcontractors harmless from and against any and all fines, attachments, levies, costs (including court costs and expenses), demands, charges or fees (including attorneys' fees) which may be imposed by any governmental authority or body on CONTRACTOR or DEERPASS - II or the employees, agents, contractors or subcontractors of either of them, as a result of in connection with the acts or omissions of CONTRACTOR, its employees, agents, contractors or subcontractors.

## The Great West Policy

22. Great West Insurance Company issued Policy No. GWP88354J to Named Insured Deerpass Farms Trucking LLC, for the policy period of August 2, 2020 to August 2, 2021 ("Great West Policy"). A true and correct copy of this Policy is attached as **Exhibit D**.

23. The Great West policy provides Commercial Auto Coverage – Motor Carrier (applicable to this loss), as well as Commercial Inland Marine Coverage – Cargo Coverage, and Commercial General Liability Coverage. The Commercial Auto Coverage provides limits of $1,000,000 per "Accident" or "Loss."

24. The Great West Policy's Declarations Page, Item 3, says: Covered "Autos" you own are shown on the Schedule of Autos. The "Schedule of Autos" includes 3 items, the tractor (2014 Kenworth) which was involved in the accident, and two trailers which were not involved in the accident: a 2001 Wilson grain hopper trailer and a 2004 Heil pneumatic tank trailer (owned by JT Griebel).

25. Fisher is an insured under the Great West Policy when driving a "covered auto" with permission of the Named Insured, DFT2.

26. The Great West Policy's Declarations Page says:

> **This policy provides only those coverages where a charge is shown in the premium column below**. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Motor Carrier Coverage Form next to the name of the coverage.

27. Following this in the Declarations Page is a table of numbered symbols. The header to the column which contains the numbered symbols says:

> **COVERED AUTOS** (Entry of one or more of the symbols from the COVERED AUTO Section of the Motor Carrier Coverage Form shows which "autos" are covered "autos")

28. The row for "Covered Autos Liability" contains the following symbols: 67, 68 and 71, which are described in that page as follows:

> 67    SPECIFICALLY DESCRIBED AUTOS
> 68    HIRED AUTOS ONLY
> 71    NONOWNED AUTOS ONLY

29. These descriptions are more fully defined in the Great West Policy's Section I., Covered Autos, A:

> 67= SPECIFICALLY DESCRIBED AUTOS. Only those "autos" described in Item Three of the Declarations for which a premium charge is shown and for Covered Autos Liability Coverage any "trailers" you do not own while connected to any power unit described in Item Three).
>
> 68= HIRED AUTOS ONLY. Only those "autos" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households.
>
> 71= NON-OWNED AUTOS ONLY. Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business.

7

30. The Policy's Section II., Covered Autos Liability Coverage, A. Coverage, 1., **Who is an Insured,** states as follows.

### 1. WHO IS AN INSURED

The following are "insureds":

***

c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

31. Under Paragraph c. of Section 1., **Who is an Insured**, of the Great West Policy, FS is an insured due to its ownership of the trailer involved in the Brennan accident.

32. Section V., Motor Carrier Conditions, of the Great West Policy, contains the following "Other Insurance" provision, pertinent provisions of which are stated below:

### 5. OTHER INSURANCE - PRIMARY AND EXCESS INSURANCE PROVISIONS

a. While any covered "auto" is hired or borrowed from you by another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

(1) Primary if a written agreement between you as the lessor and the other "motor carrier" as the lessee requires you to hold the lessee harmless.

(2) Excess over any other collectible insurance if a written agreement between you as the lessor and the other "motor carrier" as the lessee does not require you to hold the lessee harmless.

b. While any covered "auto" is hired or borrowed by you from another "motor carrier" this Coverage Form's Covered Autos Liability Coverage is:

(1) Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.

>> (2) Excess over any other collectible insurance if a written agreement between the other "motor carrier" as the lessor and you as the lessee requires the lessor to hold you harmless.
>
> \*\*\*
>
> c. While a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Covered Autos Liability Coverage is:
>
>> (1) Provided on the same basis, either primary or excess, as the Covered Autos Liability Coverage provided for the power unit if the power unit is a covered "auto".
>>
>> (2) Excess if the power unit is not a covered "auto".
>
> \*\*\*
>
> d. Except as provided in Paragraphs a., b., c. and d. above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you do not own.
>
> \*\*\*
>
> h. When this Coverage Form and any other Coverage Form, policy or self insurance covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms, policies and self-insurance covering on the same basis.
>
> \*\*\*

33. Section VI, Definitions, O., of the Great West Policy, defines "motor carrier" as follows:

> O. "Motor Carrier" means a person or organization providing transportation by "auto" in the furtherance of a commercial enterprise.

### The Nationwide Policy

34. Nationwide Agribusiness Insurance Company provided Business Auto Coverage, among other coverages, to Named Insured Conserv FS, Inc., under Policy No. CA857021A,

effective September 1, 2020 to September 1, 2021. A true and correct copy of this Policy is attached as **Exhibit E**.

35. The Business Auto Coverage of the Nationwide Policy provides limits of $2,000,000 per "Accident" or "Loss." The Declarations contains the numeric designations "1" for liability coverage, which means "Any 'Auto'".

36. Section II., Covered Autos Liability Coverage, A., Coverage, 1., Who is an Insured, b., of the Nationwide Policy covers as insureds "[a]nyone else [other than "you"] while using with your permission a covered "auto" you own, hire or borrow," subject to five exceptions which are not pertinent to the *Brennan* Litigation claim. Under this provision, both Fisher and DFT2 are "insureds" when hauling the FS trailer with FS's permission.

37. The pertinent part of the Nationwide Policy's "Other Insurance" clause is as follows:

> **5.** **Other Insurance**
>
> a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:
>
>> (1) Excess while it is connected to a motor vehicle you do not own; or
>>
>> (2) Primary while it is connected to a covered "auto" you own.
>
> ***
>
> d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

\*\*\*

## COUNT I
### Declaratory Judgment
### (DFT2 and Fisher)

38. Great West restates and realleges Paragraphs 1 through 37 as though the same were fully set forth herein.

39. The Great West Policy obligates Great West to defend and indemnify DFT2 and Fisher with respect to the *Brennan* Litigation, on an excess basis.

40. The Nationwide Policy obligates Nationwide to defend and indemnify DFT2 and Fisher with respect to the *Brennan* Litigation.

41. Due to the operation of their respective "other insurance" clauses, both Great West and Nationwide provide excess coverage to DFT2 and Fisher with respect to the *Brennan* Litigation. However, the operation of the "other insurance" clauses makes the Great West insurance policy excess over the Nationwide policy, or in the alternative, causes the policies to "pro rate" coverage.

42. Paragraph 5.b.(2) of the Great West Policy's Other Insurance provision, which applies when a covered "auto" is leased to the Named Insured by another motor carrier pursuant to a contract requiring that other carrier to indemnify the Named Insured, makes Great West excess "[e]xcess over any other collectible insurance," which includes Nationwide, for purposes of the defense and indemnity of DFT2 and Fisher in the *Brennan* Litigation.

43. Under Paragraph h. of the Great West Policy's Other Insurance Provision,

> When this Coverage Form and any other Coverage Form, policy or self insurance covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms, policies and self-insurance covering on the same basis.

11

44. Based on the above-quoted provision, if the Great West Policy is not deemed to be "excess to any other collectible insurance" as to DFT2 and Fisher, Great West and Nationwide should share indemnity on behalf of Conserv FS on a *pro rata* by limits basis (1:2, Great West: Nationwide.

45. Nationwide disagrees with Great West position that both insurers provide the referenced coverage to the mutual insureds on an excess basis regarding the defense and indemnity of DFT2 and Fisher for the *Brennan* Litigation. Accordingly, declaratory relief is appropriate under 28 U.S.C. § 2201.

WHEREFORE, GREAT WEST CASUALTY COMPANY respectfully requests that this Court declare and adjudge as follows:

    a. That Great West Casualty Company and Nationwide Agribusiness Insurance Company both cover, on an excess basis, Deerpass Farms Trucking LLC and Robert D. Fisher with respect to litigation captioned *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, Circuit Court, 23rd Judicial Circuit, DeKalb County, Illinois;

    b. That Great West Casualty Company is excess to the coverage of Nationwide Agribusiness Insurance Company with respect to the defense and indemnification of Deerpass Farms Trucking LLC and Robert D. Fisher with respect to litigation captioned *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, Circuit Court, 23rd Judicial Circuit, DeKalb County, Illinois;

    c. That Great West should recover back from Nationwide, all monies paid for the Defense of its insureds in the underlying litigation,

    d. In the alternative, Great West Casualty Company shares *pro rata* by limits with the coverage of Nationwide Agribusiness Insurance Company with respect to the defense and indemnification of Deerpass Farms Trucking LLC and Robert D. Fisher with respect to litigation captioned *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking*

*II*, Case No. 2021 L 000072, Circuit Court, 23rd Judicial Circuit, DeKalb County, Illinois; and

e. For such other and further relief as this Court deems just and proper.

Additionally, Great West Casualty Company requests an award of its taxable costs incurred in this matter.

## COUNT II
### Declaratory Judgment
(Conserv FS, Inc.)

46. Great West restates and realleges Paragraphs 1 through 45 as though the same were fully set forth herein.

47. The Great West Policy obligates Great West to defend and indemnify Conserv FS with respect to the *Brennan* Litigation.

48. The Nationwide Policy obligates Nationwide to defend and indemnify Conserv FS with respect to the *Brennan* Litigation.

49. Due to the operation of their respective "other insurance" clauses, both Great West and Nationwide provide excess coverage to Conserv FS with respect to the *Brennan* Litigation. However, the operation of the "other insurance" clauses makes the Great West insurance policy excess over the Nationwide policy, or in the alternative, causes the policies to "pro rate" coverage.

50. Paragraph 5.c.(1) of the Great West Policy's Other Insurance provision, which applies when a covered "auto" which is a "trailer" is connected to a power unit, states that Great West's coverage is "[p]rovided on the same basis, either primary or excess, as the Covered Autos Liability Coverage provided for the power unit if the power unit is a covered 'auto'."

51. For the reasons stated in Count I, *supra,* Great West's coverage for the Kenworth power unit is on an excess basis over "any other collectible insurance."

52. Under Paragraph h. of the Great West Policy's Other Insurance Provision,

> When this Coverage Form and any other Coverage Form, policy or self insurance covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms, policies and self-insurance covering on the same basis.

53. Based on the above-quoted provision, if the Great West Policy is not deemed to be "excess to any other collectible insurance" as to Conserv FS, Great West and Nationwide should share indemnity on behalf of Conserv FS on a *pro rata* by limits basis (1:2, Great West: Nationwide.

54. Nationwide disagrees with Great West's position that both insurers provide the referenced coverage to the mutual insureds on an excess basis regarding the defense and indemnity of Conserv FS for the *Brennan* Litigation. Accordingly, declaratory relief is appropriate under 28 U.S.C. § 2201.

WHEREFORE, GREAT WEST CASUALTY COMPANY respectfully requests that this Court declare and adjudge as follows:

   a. That Great West Casualty Company and Nationwide Agribusiness Insurance Company both cover, on an excess basis, Conserv FS, Inc. with respect to litigation captioned *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, Circuit Court, 23rd Judicial Circuit, DeKalb County, Illinois;

   b. That Great West Casualty Company is excess to the coverage of Nationwide Agribusiness Insurance Company with respect to litigation captioned *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, Circuit Court, 23rd Judicial Circuit, DeKalb County, Illinois;

   c. In the alternative, that Great West Casualty Company shares *pro rata* by limits with the coverage of Nationwide Agribusiness Insurance Company with respect to litigation captioned *Timothy A. Brennan, as Administrator of the Estate of Patrick J. Brennan, deceased, v. Robert D. Fisher, Deerpass Farms Trucking II*, Case No. 2021 L 000072, Circuit Court, 23rd Judicial Circuit, DeKalb County, Illinois; and,

    d. For such other and further relief as this Court deems just and proper.

Additionally, Great West Casualty Company requests an award of its taxable costs incurred in this matter.

| | |
|---|---|
| Dated: May 31, 2023 | Respectfully submitted, |
| | **GREAT WEST CASUALTY CO.** |
| | By:   */s/ Robert J. Franco* |
| |     One of Its Attorneys |

Robert J. Franco
FRANCO MORONEY BUENIK, LLC
500 W. Madison St., Suite 3900
Chicago, Illinois 60661
P: 312/466-1000
robert.franco@francomoroney.com
ARDC No. 6187971

## **CERTIFICATE OF SERVICE**

       I, Robert J. Franco, an attorney, being first duly sworn on oath, depose and say that I filed a copy of the above document with the Clerk of the Court using the CM/ECF system, on May 31, 2023 and served the document upon all attorneys of record via email on May 31, 2023.

*Counsel for Timothy A. Brennan*
Richard L. Turner, Jr.
Turner Law Group
107 W. Exchange St.
Sycamore, IL 60178
rturner@turnerlaw.com
service@turnerlaw.com

*Counsel for Nationwide Agribusiness Insurance Co.*
T. Allon Renfro
Swanson, Martin & Bell, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, IL 60611
trenfro@smbtrials.com

                                                  /s/  *Robert J. Franco*
                                              One of the Attorneys for Plaintiff,
                                              Great West Casualty Co.

Robert J. Franco
**FRANCO MORONEY BUENIK, LLC**
500 W. Madison St., Suite 3900
Chicago, Illinois 60661
T: 312-469-1000
F: 312-469-1011
robert.franco@francomoroney.com
(ARDC no. 6187971)